IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARNOLD HUSKEY,

         Petitioner,        Civil No. 07-72-TC

        v.               FINDINGS AND
                          RECOMMENDATION

U.S. PAROLE COMMISSION,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner, in inmate in the custody of the Oregon Department of Corrections is currently serving a life sentence at the Two Rivers Correctional Institution. Petitioner is concurrently serving the supervision portion of an aggregate 30-year U.S. Code sentence arising out of a previous federal

1 - FINDINGS AND RECOMMENDATION

conviction.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2241 seeking "modification of his federal parole conditions." Specifically, petitioner "requests that this court issue a writ of habeas corpus requiring the respondent to modify the conditions of my parole as requested and set forth in my formal request to the Commission dated September 18, 2006, and my Appeal to the National Appeals Board dated October 27, 2006, so that I receive the professional mental health counseling I need and have requested, and redesignation to Oregon." Petition (#2) p. 5.

Petitioner contends that "[a]s a federal parolee, I am entitled to services such as mental health counseling. ... However, because I am incarcerated in the state prison system, even though I am still subject to the conditions of my federal parole, I am unable to secure such services." Petition (#2) p. 4c.

Respondent argues: "This court has no authority to modify the conditions of petitioner's parole, as the Commission is vested with the sole discretion to determine what additional conditions should be placed on a parolee's release, apart from the standard conditions of parole.  The parole statute and

2 - FINDINGS AND RECOMMENDATION

regulations and the case law of this Circuit do not permit this Court to substitute its judgment for that of the Commission.    Furthermore, nothing in the law places an affirmative duty on the Commission or its agents to provide services to a parolee under its jurisdiction."   Answer to Petitioner's Writ of Habeas Corpus (#15), p. 4.

Decisions of the U.S. Parole Commission are un-reviewable, even for abuse of discretion. See, Benny v. U.S. Parole Commission, 295 F.3d 977, 981-82 (9th Cir. 2002), citing Wallace v. Christiansen, 802 F.2d 1539, 1555 (9th Cir.1986) (en banc).   The court's review of the Commission's actions are thus limited to whether the Commission acted outside its statutory authority or committed a constitutional violation. See, Rizzo v. Armstrong, 921 F.2d 855, 585 (9th Cir. 1990). Thus, this court cannot properly review the Commission's decision not to impose special conditions (such as mental health counseling) on petitioner's parole, unless the Commission violated the parole statute or violated petitioner's constitutional rights.

Under 18 U.S.C. § 4209(a), there are certain conditions of parole which must be imposed on all parolees.   The

Commission has promulgated a list of standard conditions of parole that the Commission requires all parolees to abide by. See, 28 C.F.R. § 2.40(a), incorporating 28 U.S.C. § 2.204(a). The Commission imposed these standard conditions on petitioner. See, Respondent's Exhibit M at pages 2-3.

Under 18 U.S.C. § 4209(a), the Commission has the discretion to impose special conditions of parole "to protect the public welfare." The Commission did not impose any special conditions of parole on petitioner.

The Commission is the sole entity charged with, and maintains exclusive discretion in, setting the conditions of a parolee's release. See, Morrissey v. Brewer, 408 U.S. 471 (1972); Bizron v. King, 469 F.2d 1241, 1243 (2nd Cir. 1972); Alonzo v. Pozanski, 808 F.2d 637 (7th Cir. 1986).

In this case, the Commission exercised its discretion not to impose special conditions on petitioner's parole, apparently believing that the public welfare will be adequately protected by petitioner's incarceration in Oregon.

With respect to petitioner's claim that he should be "redesignated to Oregon," a parolee has no right to supervision in a particular district of supervision. See,

<u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976).

In summary, nothing in the law requires the Commission to impose any specific conditions on parole, beyond those provided in 18 U.S.C. § 4209(a). Because the Commission has lawfully exercised its discretion not to impose any other conditions and has violated no statutory or constitutional provisions, and because petitioner has no right to supervision in a particular district of supervision, petitioner's Petition (#2) is without merit and should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this _18_ day of September, 2007.

Thomas M. Coffin
United States Magistrate Judge